Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorney for Plaintiffs
AUGUST IMAGE, LLC and
CREATIVE PHOTOGRAPHERS, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC AND CREATIVE PHOTOGRAPHERS, INC., | Civil Action No. 2:23-cv-3194 |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| JOHN DOE d/b/a CANYON NEWS, | |
| Defendant. | |

Plaintiffs August Image, LLC ("August Image") and Creative Photographers, Inc. ("CPI") (collectively, the "Plaintiffs") sue defendant John Doe d/b/a Canyon News ("Defendant"), and allege as follows:

## THE PARTIES

1.      August Image is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.      CPI is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

3.      Defendant is a John Doe person/entity doing business as Canyon News. Defendant's fictitious business name record is maintained with the Los Angeles County Registrar-Recorder/County Clerk (https://www.lavote.gov/fbn-search, Document #2020018710). Defendant's primary address located on its social media pages (https://www.facebook.com/canyon.news.la/ and https://www.instagram.com/canyonnews/) is 9701 Wilshire Blvd, 10th Floor, Beverly Hills, CA 90212.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a)

because Defendant or its agents reside or may be found in this district.  "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction."  Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).  Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## FACTS

**I.    Plaintiffs' Business**

7.    From August Image's offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

8.    August Image boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

9.    August Image sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients,

Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

10. CPI specializes in the licensing of high-end photography for all markets including editorial, advertising, entertainment, publishing, PR, merchandising, and all new media worldwide.

11. CPI was founded in 1994 and has grown to become one the leading photo agencies today with a deep global reach and successful placements worldwide. Plaintiff works closely with its photographers in establishing an overall strategy which includes the placements and securing of appropriate approvals.

12. CPI has excellent relationships with all publicists, managers and agents which help to facilitate the seamless approval process while simultaneously maintaining a high level of service in all aspects.

13. CPI serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

## II.   The Work at Issue in this Lawsuit

### A. *August Image Photographs*

14. Martin Schoeller is one of the many renowned photographers

represented by Plaintiff. Mr. Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including The New Yorker, TIME, Rolling Stone, Vanity Fair, National Geographic, among others. Mr. Schoeller has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

15.   Gavin Bond is a British-born photographer who captures the worlds of celebrity and fashion culture. He originally studied fashion design at Central Saint Martins but got his start in photography by capturing photographs during fashion runway shows. Today, Mr. Bond is most notable for his behind-the-scenes images of Victoria's Secret annual runway shows and awards ceremonies such as the Golden Globes. He is also well known for his candid portraits of actors and musicians ranging from George Clooney, Rihanna, and Jennifer Aniston, and he is a regular contributor to magazines such as *GQ*. Mr. Bond's work can be viewed on his professional website (at https://www.gavinbond.com/).

16.   Joe Pugliese is a native of California who specializes in his favorite form of photography: photographing people. Mr. Pugliese's work can be viewed

on his professional website (at http://www.joepug.com/current). He has learned over the years to use lighting, color, angles, shadows, and the background to capture the soul of his subjects which include scientists, authors, performers, creative geniuses, and everyday people. Mr. Pugliese travels extensively for his craft on behalf of his clients which include recognizable print magazines and studio networks such as Vanity Fair, GQ Magazine, Esquire, Men's Journal, Billboard, The New Yorker, NBC Universal, Fox Studios, Apple, Inc, Warner Brothers, Sony Television, Turner Broadcasting, and many more.

17.   Greg Williams is an English photographer, filmmaker, and educator. For over 20 years, Mr. Williams has been an official Bond photographer for the James Bond film franchise. Mr. Williams established his reportage style as a photojournalist in the 1990's covering war zones in Burma, Chechnya, and Sierra Leone. He has shot 'specials' on over 200 movies, had exclusive access to BAFTA, the Golden Globes, and the Oscars, and worked with Daniel Craig to conceptualize the design for the Leica Q2 camera. His education platform, Skill Faster, is home to successful photography courses. His work can be viewed on his professional website (at https://gregwilliams.com/) and Instagram – where he

has over one million followers (at

https://www.instagram.com/gregwilliamsphotography/).

    i.   <u>The First Photograph</u>

18.  In 2015, Mr. Schoeller took a professional photograph of some of the

main cast members of Hamilton walking in New York City titled "AU1681078"

(the "<u>First Photograph</u>").  A copy of the Work is exhibited below:



19.  The First Photograph was registered by Mr. Schoeller with the

Register of Copyrights on February 25, 2022 and was assigned Registration No.

VA 2-293-615. A true and correct copy of the Certification of Registration

pertaining to the First Photograph is attached hereto as **Exhibit "A."**

20.  Mr. Schoeller is the owner of the Second Photograph and has

remained the owner at all times material hereto.

    ii.   <u>The Second Photograph</u>

21.  In 2018, Mr. Schoeller took a professional photograph of members

of Congress titled "AU11325737" (the "<u>Second Photograph</u>").  A copy of the

Second Photograph is exhibited below:



22.   The Second Photograph was registered by Mr. Schoeller with the

Register of Copyrights on June 19, 2020 and was assigned Registration No. VA

2-209-628. A true and correct copy of the Certification of Registration pertaining

to the Second Photograph is attached hereto as **Exhibit "B."**

23.   Mr. Schoeller is the owner of the Second Photograph and has

remained the owner at all times material hereto.

### iii.   The Third Photograph

24.   In 2017, Mr. Bond took a professional photograph of James Franco

titled "AU11104861" (the "<u>Third Photograph</u>").  A copy of the Third Photograph

is exhibited below:



25. The Third Photograph was registered by Mr. Bond with the Register of Copyrights on November 12, 2020 and was assigned Registration No. VA 2-227-705. A true and correct copy of the Certification of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

26. Mr. Bond is the owner of the Third Photograph and has remained the owner at all times material hereto.

    iv.    The Fourth Photograph

27. In 2014, Mr. Pugliese took a professional photograph of Jennifer Lopez titled "AU1459240" (the "Fourth Photograph"). A copy of the Fourth Photograph is exhibited below:



28.   The Fourth Photograph was registered by Mr. Pugliese with the Register of Copyrights on August 19, 2014 and was assigned Registration No. VAu 1-177-344. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

29.   Mr. Pugliese is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

v.   <u>The Fifth Photograph</u>

30.   On February 14, 2016, Mr. Williams took a professional photograph of Kate Winslet titled "AU11003026" (the "<u>Fifth Photograph</u>").   A copy of the Fifth Photograph is exhibited below:



31.    The Fifth Photograph was first published in the United Kingdom for a United Kingdom publication.

32.    Under the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), to which both the United States and the United Kingdom are parties, Mr. Williams' exclusive rights in the Fifth Photograph are protected by U.S. copyright law.

33.    Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country. Thus, each signatory country of the Berne Convention is obligated to recognize and enforce Mr. Williams' copyrights as they would if the Fifth Photograph had originated in that country.

34.    The Fifth Photograph qualifies as a Berne Convention work (as it

originated in the United Kingdom), and registration is therefore not required in the United States.

35.    Mr. Williams is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

36.    For all times relevant to this action, August Image has been appointed as the exclusive administrator and publisher of all copyright rights in and to the First Photograph, Second Photograph and Third Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### B. CPI Photographs

37.    Vijat Mohindra is a neo-pop conceptual photographer who captures A-list celebrities for magazine covers, publicity campaigns, and other high-end projects. Mr. Mohindra moved from Chicago to Los Angeles at the age of 18 to pursue his passion for photography. In 2007, he graduated from Art Center College of Design. His extraordinary anti-vérité style of his work has culminated in various collaborations between high-profile talent and brands. Mr. Mohindra's work can be viewed on his professional website (at https://www.vijatm.com/).

### vi.    The Sixth Photograph

38.    In 2018, Mr. Mohindra took a professional photograph of Miley

Cyrus "10_Miley_1314_V1_R2-scr" (the "Sixth Photograph").  A copy of the

Sixth Photograph is exhibited below:



39.    The Sixth Photograph was registered by Mr. Mohindra with the

Register of Copyrights on April 23, 2018 and was assigned Registration No. VA

2-103-091. A true and correct copy of the Certification of Registration pertaining

to the Third Photograph is attached hereto as **Exhibit "E."**

40.    Mr. Mohindra is the owner of the Sixth Photograph and has remained

the owner at all times material hereto.

41.    For all times relevant to this action, CPI has been appointed as the

exclusive administrator and publisher of all copyright rights in and to the Sixth

Photograph. As such, CPI is entitled to institute and maintain this action for

copyright infringement.  See 17 U.S.C. § 501(b).

42.   The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and Sixth Photograph are collectively referred to herein as the "Work."

## II.   Defendant's Unlawful Activities

43.   Defendant is a media/news company that publishes a weekly newspaper and is located in Beverly Hills. Defendant offers a robust media kit for people or businesses to advertise themselves.

44.   Defendant advertises/markets its business primarily through its websites (https://www.canyon-news.com/), social media (e.g., https://www.facebook.com/canyon.news.la/, and https://www.instagram.com/canyonnews/), and other forms of advertising.

45.   On July 5, 2020 (before Mr. Schoeller's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website (at https://www.canyon-news.com/the-pros-and-cons-of-hamilton-at-home/122456):





46.   A true and correct copy of screenshots of Defendant's website, displaying the First Photograph, is attached hereto as **Exhibit "F."**

47.   On September 30, 2019 (after Mr. Schoeller's above-referenced copyright registration of the Second Photograph), Defendant published the Second Photograph on its website (at https://www.canyon-news.com/congressman-gaetz-blasts-chairman-schiff/98626):



48.   A true and correct copy of screenshots of Defendant's website, displaying the Second Photograph, is attached hereto as **Exhibit "G."**

49.   On January 13, 2020 (before Mr. Bond's above-referenced copyright registration of the Third Photograph), Defendant published the Third Photograph on its website (at https://www.canyon-news.com/james-franco-accused-sexual-misconduct/75594):



50.   A true and correct copy of screenshots of Defendant's website, displaying the Third Photograph, is attached hereto as **<u>Exhibit "H."</u>**

51.   On February 21, 2023 (after Mr. Pugliese's above-referenced copyright registration of the Fourth Photograph), Defendant published the Fourth Photograph on its business social media (at <u>https://www.instagram.com/p/Co6rxpOuKRp/</u>):



52.   A true and correct copy of screenshots of Defendant's business social media, displaying the Fourth Photograph, is attached hereto as **Exhibit "I."**

53.   On February 15, 2016, Defendant published the Fifth Photograph on its website (at canyon-news.com/the-revenant-big-winner-at-bafta-awards/47550):



54.   A true and correct copy of screenshots of Defendant's website, displaying the Fifth Photograph, is attached hereto as **Exhibit "J."**

55.   On April 15, 2020 (after Mr. Mohindra's above-referenced copyright registration of the Sixth Photograph), Defendant published the Sixth Photograph on its website (at https://www.canyon-news.com/category/entertainment/star-gazing):



56.   A true and correct copy of screenshots of Defendant's website, displaying the Sixth Photograph, is attached hereto as **Exhibit "K."**

57.   Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiffs to seek permission to use the Work in connection with its business or for any other purpose.

58.   Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its business.

59.   Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiffs to secure a license, simply copied the Work for its own commercial use.

60.   Through August Image's ongoing diligent efforts to identify unauthorized use of its photographs, August Image discovered Defendant's unauthorized use/display of the First Photograph, the Second Photograph, and the Third Photograph on October 21, 2022; August Image discovered Defendant's unauthorized use/display of the Fourth Photograph on August 19, 2023; and, August Image discovered Defendant's unauthorized use/display of the Fifth Photograph in October 2022.

61.   Through CPI's ongoing diligent efforts to identify unauthorized use of its photographs, CPI discovered Defendant's unauthorized use/display of the Sixth Photograph on April 27, 2020.

62.   Following Plaintiffs' discovery, Plaintiff notified Defendant in writing of such unauthorized use.   To date, Plaintiffs have been unable to negotiate a reasonable license for the past/existing infringement of their respective Work.

63.   All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (August Image: First Photograph and Third Photograph)

64.   August Image re-alleges and incorporates paragraphs 1 through 63 as set forth above.

65.   The First Photograph and Third Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

66.   Mr. Schoeller owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights.

67.   Mr. Bond owns a valid copyright in the Third Photograph, having registered the Third Photograph with the Register of Copyrights.

68.   August Image has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as August Image serves as the exclusive licensing agent with respect to the First Photograph and Third Photograph).

69.   As a result of August Image's reproduction, distribution, and public display of the First Photograph and Third Photograph, Defendant had access to the First Photograph and Third Photograph prior to its own reproduction, distribution, and public display of the First Photograph and Third Photograph on its website.

70.   Defendant reproduced, distributed, and publicly displayed the First Photograph and Third Photograph without authorization from August Image.

71.   By its actions, Defendant infringed and violated August Image's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the First Photograph and Third Photograph for its own commercial purposes.

72.   August Image has been damaged as a direct and proximate result of Defendant's infringement.

73.   August Image is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph and Third Photograph and, at August Image's election (pursuant to 17 U.S.C. § 504(b)), August Image is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph and Third Photograph, which amounts shall be proven at trial.

74.   Pursuant to 17 U.S.C. § 505, August Image is further entitled to

recover its costs as a result of Defendant's conduct.

75.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to August Image unless enjoined by the Court.   August Image has no adequate remedy at law.   Pursuant to 17 U.S.C. § 502, August Image is entitled to a permanent injunction prohibiting infringement of August Image's exclusive rights under copyright law.

**WHEREFORE**, August Image demands judgment against Defendant as follows:

a.   A declaration that Defendant has infringed August Image's copyrights in the First Photograph and Third Photograph;

b.   An award of actual damages and disgorgement of profits as the Court deems proper;

c.   Awarding August Image its costs pursuant to 17 U.S.C. § 505;

d.   Awarding August Image interest, including prejudgment interest, on the foregoing amounts;

e.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing August Image's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from

the First Photograph and Third Photograph or to participate or assist in any

such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (August Image: Second Photograph, Fourth Photograph, and Fifth Photograph)

76.   August Image re-alleges and incorporates paragraphs 1 through 63 as set forth above.

77.   The Second Photograph, Fourth Photograph, and Fifth Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

78.   Mr. Schoeller owns a valid copyright in the Second Photograph, having registered it with the Register of Copyrights.

79.   Mr. Pugliese owns a valid copyright in the Fourth Photograph, having registered it with the Register of Copyrights.

80.   Mr. Williams owns a valid copyright in the Fifth Photograph, as recognized by the Berne Convention.

81.   August Image has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as August Image serves as the exclusive licensing agent with respect to the Second

Photograph, Fourth Photograph, and Fifth Photograph).

82.   As a result of August Image's reproduction, distribution, and public display of the Second Photograph, Fourth Photograph, and Fifth Photograph, Defendant had access to the Second Photograph, Fourth Photograph, and Fifth Photograph prior to its own reproduction, distribution, and public display of the Second Photograph, Fourth Photograph, and Fifth Photograph on its website.

83.   Defendant reproduced, distributed, and publicly displayed the Second Photograph, Fourth Photograph, and Fifth Photograph without authorization from August Image.

84.   By its actions, Defendant infringed and violated August Image's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Second Photograph, Fourth Photograph, and Fifth Photograph for its own commercial purposes.

85.   Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon August Image's copyright. As a publication service that prides itself on "maintain[ing] the highest level of journalistic integrity", Defendant clearly understands that professional photography such as the Second Photograph, Fourth Photograph, and

Fifth Photograph are generally paid for and cannot simply be copied from the internet.

86.   August Image has been damaged as a direct and proximate result of Defendant's infringement.

87.   August Image is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Second Photograph, Fourth Photograph, and Fifth Photograph and, at August Image's election (pursuant to 17 U.S.C. § 504(b)), August Image is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Second Photograph, Fourth Photograph, and Fifth Photograph, which amounts shall be proven at trial.

88.   Alternatively, and at August Image's election, August Image is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

89.   Pursuant to 17 U.S.C. § 505, August Image is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

90.   Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to August Image unless enjoined by the Court.   August Image has no adequate remedy at law.   Pursuant to 17 U.S.C. § 502, August Image is entitled to a permanent injunction prohibiting infringement of August Image's exclusive rights under copyright law.

**WHEREFORE**, August Image demands judgment against Defendant as follows:

g.  A declaration that Defendant has infringed August Image's copyrights in the Second Photograph, Fourth Photograph, and Fifth Photograph;

h.  A declaration that such infringement is willful;

i.  An award of actual damages and disgorgement of profits as the Court deems proper or, at August Image's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Second Photograph, Fourth Photograph, and Fifth Photograph;

j.  Awarding August Image its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

k.  Awarding August Image interest, including prejudgment interest, on the foregoing amounts;

l.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing August Image's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Photograph, Fourth Photograph, and Fifth Photograph or to participate or assist in any such activity; and

m. For such other relief as the Court deems just and proper.

## COUNT III – COPYRIGHT INFRINGEMENT
### (CPI: Sixth Photograph)

91.   CPI re-alleges and incorporates paragraphs 1 through 63 as set forth above.

92.   The Sixth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

93.   Mr. Mohindra owns a valid copyright in the Sixth Photograph, having registered it with the Register of Copyrights.

94.   CPI has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as CPI serves as the exclusive licensing agent with respect to the Sixth Photograph).

95.   As a result of CPI's reproduction, distribution, and public display of the Sixth Photograph, Defendant had access to the Sixth Photograph prior to its own reproduction, distribution, and public display of the Sixth Photograph on its website.

96.   Defendant reproduced, distributed, and publicly displayed the Sixth Photograph without authorization from CPI.

97.   By its actions, Defendant infringed and violated CPI's exclusive

rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Sixth Photograph for its own commercial purposes.

98.     Regarding Defendant's willfulness, CPI re-alleges and incorporates paragraph 68 as set forth above.

99.     CPI has been damaged as a direct and proximate result of Defendant's infringement.

100.     CPI is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Sixth Photograph and, at CPI's election (pursuant to 17 U.S.C. § 504(b)), CPI is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Sixth Photograph, which amounts shall be proven at trial.

101.     Alternatively, and at CPI's election, CPI is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

102.     Pursuant to 17 U.S.C. § 505, CPI is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

103.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to CPI unless enjoined by the Court.  CPI has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, CPI is

entitled to a permanent injunction prohibiting infringement of CPI's exclusive rights under copyright law.

**WHEREFORE**, CPI demands judgment against Defendant as follows:

n. A declaration that Defendant has infringed CPI's copyrights in the Sixth Photograph;

o. A declaration that such infringement is willful;

p. An award of actual damages and disgorgement of profits as the Court deems proper or, at CPI's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Sixth Photograph;

q. Awarding CPI its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

r. Awarding CPI interest, including prejudgment interest, on the foregoing amounts;

s. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing CPI's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Sixth Photograph or to participate or assist in any such activity; and

t.  For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED:  April 27, 2023                        **ALVES RADCLIFFE LLP**


By: <u>/s/ Scott E. Radcliffe</u>

                        SCOTT E. RADCLIFFE
                        Attorney for Plaintiffs
                        AUGUST IMAGE, LLC and
                        CREATIVE PHOTOGRAPHERS,
                        INC.